**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5150

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LOGAN COFIELD, III,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
District Judge.  (1:06-cr-00144-NCT)

Submitted:  September 19, 2007      Decided:  October 23, 2007

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.
Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY,
Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Logan Cofield, III, was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). The district court sentenced Cofield to 120 months in prison. Cofield timely appealed. Cofield's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), identifying no meritorious grounds for appeal but questioning whether the district court erred by denying Cofield's Fed. R. Crim. P. 29 motion for judgment of acquittal and whether Cofield was denied the effective assistance of trial counsel. Cofield was advised of his right to file a pro se supplemental brief but he did not file one.

Cofield contends that the district court erred by denying his motion for judgment of acquittal. We review de novo a district court's decision to deny a Rule 29 motion for judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Smith, 451 F.3d at 216. "'Substantial evidence' [is] 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'"

<u>Smith</u>, 451 F.3d at 216 (quoting <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).  In evaluating the sufficiency of the evidence, this court "do[es] not review the credibility of the witnesses and assume[s] the jury resolved all contradictions in the testimony in favor of the government."  <u>United States v. Sun</u>, 278 F.3d 302, 213 (4th Cir. 2002).  The court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982).

In order to convict Cofield under § 922(g)(1), the government had to establish that "(1) the defendant previously had been convicted of a [felony] . . . ; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting interstate or foreign commerce at some point during its existence."  <u>Id.</u> at 395 (internal quotation marks and citation omitted).  The parties stipulated as to the first and third elements at trial; consequently, the only element in question is the knowing possession of the firearm. Viewing the evidence in the light most favorable to the government and resolving all contradictions in the testimony in favor of the government, the evidence showed that Cofield fled from police when they asked him if he had any weapons and stated that they wished to conduct a patdown.  Two officers saw Cofield reaching into his waistband

while he was fleeing. Cofield was apprehended within three minutes and a gun was discovered minutes later along the flight path. A tracking dog sniffed the gun where it was discovered and followed a trail that led to the patrol car where Cofield was being held. We conclude that the jurors could reasonably infer from this evidence that Cofield knowingly possessed the gun.

Turning to the second issue, claims of ineffective assistance generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000), see id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994), unless the record conclusively shows ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 546 U.S. 1203 (2006). Because the record does not conclusively show that Cofield was denied effective assistance of counsel, we find that Cofield's claim is not cognizable on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Cofield's conviction and sentence. Cofield's counsel's motion to withdraw from representation is denied. This court requires that counsel inform Cofield, in writing, of the right to petition the Supreme Court of the United States for further review.

If Cofield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cofield. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED